**No. 58223.**—American Molasses Company *v.* United States, protest 216031–K (New York).

Opinion by JOHNSON, J. At the trial, counsel for the Government offered in evidence a portion of the collector's memorandum, which stated that that office was satisfied, upon review, that a *bona fide* shortage of 20 bags of sugar did exist, and had the affidavit of the importer been filed within the time specified in the customs regulations, due allowance would have been made for the shortage. On the record presented and following *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351), it was held that duty is not assessable upon such portions of the merchandise as were reported by the inspector as manifested, not found. The protest was sustained to this extent.

**No. 58224.**—Soverign Importers, Ltd., and Schenley Import Corp. *v.* United States, protests 220126–K and 220122–K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise, issues, and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners & Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the case of spirits reported by the inspector as manifested, not found, in each entry covered by the protests, was not in fact received by the importers. In accordance with stipulation of counsel and following the decision cited it was held that duty and internal revenue tax are not assessable upon such portions of the merchandise as were reported by the inspector as manifested, not found. The protests were sustained to this extent.

**No. 58225.**—William G. Young & Co., Inc. *v.* United States, protest 220245–K (New York).

Opinion by JOHNSON, J. It appearing from the official papers that the protest was not filed within the 60-day period required by section 514, Tariff Act of 1930, the protest was dismissed.

**No. 58226.**—Robert M. Pitt Co., Inc. *v.* United States, protest 222920–K (New York).

Opinion by JOHNSON, J. Following Abstract 57870, it was held that payment of duties is a condition precedent to the right to file protest against the payment of same. The protest was therefore dismissed.